**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SHAHAN ISLAM,**

                                **Plaintiff,**

    vs.                                                 1:17-cv-776
                                                                       (MAD/DJS)

**MELODY D. DAVIS,**

                                **Defendant.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**Mae A. D'Agostino, U.S. District Judge:**

**SHAHAN ISLAM**
111 Tito Lane
Wilton, Connecticut 06897
Plaintiff, *pro se*

**HODGSON, RUSS LAW FIRM**           **CHRISTIAN J. STOLLER, ESQ.**
677 Broadway
Suite 301
Albany, New York 12207
Attorney for Defendants

## ORDER

      On July 17, 2017, Plaintiff Shahan Islam filed the complaint in this action seeking a declaratory judgment against Defendant Melody Davis. *See* Dkt. No. 1. Presently before the Court is Defendant's motion to dismiss for lack of subject matter jurisdiction. *See* Dkt. No. 10. For the following reasons, Defendant's motion is granted.

      Plaintiff and Defendant were married in 1983 and divorced in 2001. *See* Dkt. No. 1 at ¶ 5. During the divorce proceedings, Plaintiff attempted to introduce "certain documentary evidence," which led Defendant to sue Plaintiff in federal court for copyright infringement. *See id.* at ¶¶ 4-7. The "documentary evidence" consisted of pages from Defendant's diary, which are not protected

by copyright. *See id.* at ¶ 9. At some point since that suit, Plaintiff sought assurances from Defendant that she would not bring another copyright infringement suit against him. *See id.* at ¶ 7. When Defendant refused to provide such assurances, Plaintiff brought the present suit seeking a declaratory judgment that "copying and use of said documentary evidence does not constitute a copyright infringement." *See id.* at ¶ 9. On December 4, 2017, Defendant filed the present motion to dismiss for lack of subject matter jurisdiction.

When a party moves to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(1), "the movant is deemed to be challenging the factual basis for the court's subject matter jurisdiction." *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993) (citations omitted). For purposes of such a motion, "the allegations in the complaint are not controlling, and only uncontroverted factual allegations are accepted as true." *Id.* (citations omitted). Both parties are permitted to use affidavits and other pleading materials to support and oppose the motion to dismiss for lack of subject matter jurisdiction. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted). "Furthermore, 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Gunst v. Seaga*, No. 05-CV-2626, 2007 WL 1032265, *2 (S.D.N.Y. Mar. 30, 2007) (quoting *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)).

Under the Declaratory Judgment Act, a district court is without jurisdiction to hear an action for declaratory relief unless such case presents an "actual controversy." 28 U.S.C. § 2201(a). To determine whether there is an actual controversy, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S.

118, 127 (2007) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). "[A] controversy does not exist where 'the defendant ha[s] not taken any action, even of a preliminary nature, against the plaintiff, and the defendant ha[s] not indicated that it intend[s] to take any future legal action against the plaintiff." *United Fin. Cas. Co. v. Paddon*, 248 F. Supp. 3d 368, (N.D.N.Y. 2017) (alterations in original) (quoting *Jones v. Sears Roebuck & Co.*, 301 Fed. Appx. 276, 282 (4th Cir. 2008)).

"To have standing to pursue a declaratory relief action regarding copyright infringement, a plaintiff must show that 'under all the circumstances of the case, there is a substantial controversy between parties having adverse legal interests, and that the controversy is of sufficient immediacy and reality to warrant declaratory relief.'" *John Wiley & Sons, Inc. v. DRK Photo*, 998 F. Supp. 2d 262, 290-91 (S.D.N.Y. 2014) (quoting *Amaretto Ranch Breedables v. Ozimals Inc.*, 907 F. Supp. 2d 1080, 1084-85 (N.D. Cal. 2012)). There is no indication in the complaint that Defendant has threatened suit or that there is a controversy of sufficient immediacy to warrant declaratory relief. Therefore, the motion to dismiss for lack of subject matter jurisdiction is granted.

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss for lack of subject matter jurisdiction (Dkt. No. 10) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 21, 2018
      Albany, New York

Mae A. D'Agostino
U.S. District Judge